**11-2359-cv**
**Anani v. CVS**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: June 27, 2012        Decided: September 20, 2013)

Docket No. 11-2359-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SALAH ANANI,
    Plaintiff-Appellant,

       v.

CVS RX SERVICES, INC.,
    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, STRAUB, and CHIN, Circuit Judges.

Appeal from a grant of summary judgment in the United States District Court for the Eastern District of New York (Arthur D. Spatt, Judge) holding a pharmacist exempt from the FLSA time-and-a-half overtime pay requirement. We affirm.

                               SETH R. LESSER (Fran Rudich, on the brief), Klafter, Olsen & Lesser LLP, Rye Brook, New York, for Plaintiff-Appellant.

                               JAMES J. SWARTZ, JR. (Felice B. Ekelman, Jackson Lewis LLP, New York, New York, on the brief), Ashe Rafuse & Hill LLP, Atlanta, Georgia, for Defendant-Appellee.

WINTER, Circuit Judge:

Salah Anani appeals from Judge Spatt's grant of summary judgment dismissing Anani's complaint against CVS RX Services, Inc. ("CVS"). The district court held that appellant was exempt from the Federal Fair Labor Standards Act's ("FLSA") time-and-a-half overtime requirement because of an exemption for highly-paid employees. We affirm.

## BACKGROUND

Appellant was employed by CVS as a pharmacist from 2003 until his resignation in July, 2009. Appellant has stipulated to a two-year statute of limitations, limiting his claim to the period from December 18, 2007 to July 20, 2009. See Anani v. CVS RX Servs., Inc., 788 F. Supp. 2d 55, 58 (E.D.N.Y. 2011). During the relevant period, appellant's base salary was based on a forty-four hour work week (paid bi-weekly). That base weekly salary exceeded $1250 at all pertinent times. As explained infra, his base salary was guaranteed, and CVS classified him as a salaried employee exempt from the time-and-a-half overtime requirement of the FLSA. See 29 U.S.C. § 207(a)(1).

Appellant also received additional compensation because he invariably, or almost so, worked hours in addition to the base forty-four hours each week. Appellant's additional hours worked usually ranged from 16 to 36 hours per week, increasing his total compensation in each relevant year to over $100,000. Appellant

worked these extra shifts voluntarily.[1]  Compensation for the extra work -- in excess of forty-four hours -- was paid according to an hourly "Compensation Rate" determined by dividing appellant's weekly guaranteed salary by forty-four, multiplying the number of hours worked over forty-four by the resultant amount and then adding "Premium Pay" of six dollars per hour.[2]

## DISCUSSION

There are no material facts in dispute, and our review of a grant of summary judgement is, of course, de novo. Lawrence v. Cohn, 325 F.3d 141, 147 (2d Cir. 2003).

FLSA Section 207(a)(1) provides that employees who work more than forty hours in a given week must receive time-and-a-half compensation for excess hours except as "otherwise provided."  29 U.S.C. § 207(a)(1). FLSA Section 213(a)(1) provides an exemption from this requirement for "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  To qualify for this exemption an employee's work must satisfy both a duties requirement and a salary requirement. 29 C.F.R. §§ 541.2, 541.300.  Appellant concedes that the duties requirement, quoted above and amplified by regulations found in Subparts B-F of 29 C.F.R. Part 541, is met.

---

[1] In his pre-trial deposition, appellant could recall only one instance where he was told that he might be in trouble if he did not agree to work a particular extra shift. See Anani Dep. 89-114.

[2] Appellant also received certain bonus payments not relevant to this appeal.

The disposition of this appeal, therefore, turns on the salary requirement as defined in Subpart G of Title 29, Subtitle B, of C.F.R. §§ 541.600 through 541.606. C.F.R. § 541.600 provides that to qualify for the exemption, an employee "must be compensated on a salary basis at a rate of not less than $455 per week." 29 C.F.R. § 541.600(a). The term "salary basis" is in turn defined in C.F.R. § 541.602, which provides,

> An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work. An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business.

29 C.F.R. § 541.602(a). It is undisputed that, at all pertinent times, appellant's base salary substantially exceeded $455 per week and there were no impermissible deductions. There is also no dispute that appellant's base weekly salary was guaranteed, i.e. to be paid regardless of the number of hours appellant actually worked in a given forty-four-hour shift. The requirements of C.F.R. §§ 541.600 and 541.602 are thus satisfied with regard to the minimum guaranteed weekly amount being paid "on a salary basis."

4

Two further regulations relating to the salary requirement need to be addressed: C.F.R. §§ 541.601 and 541.604. First, C.F.R. § 541.601(a), entitled "Highly compensated employees," provides that "[a]n employee with total annual compensation of at least $100,000 is deemed exempt . . . if the employee customarily and regularly performs one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in [the Subparts defining the duties requirement]."

Subsection 601(b) adds refinements, *inter alia*: (i) under (b)(1), to be exempt, the employee's "[t]otal annual compensation" must include $455 weekly "on a salary or fee basis," i.e. guaranteed; (ii) under (b)(2), if an employee's total compensation falls short of an expected total of $100,000 at the end of the particular twelve-month period, the employer may, during the next month, make up the difference through an unearned cash payment; (iii) under (b)(4), the employer has discretion to choose the dates of the relevant twelve-month period; and (iv) under (c) a relaxed standard is applied to determine whether an employee who fulfills the other requirements of being a "highly compensated employee" also meets the duties requirement.

Subsection (b) thus renders C.F.R. § 541.601 something of a safe harbor for employers. It gives employers a high degree of certainty regarding the exemption by allowing them discretion to designate the relevant twelve-month period and to make up a

5

deficiency (salary less than $100,000) found at the end of that period by a payment made within 30 days after the period ends. Because, as noted, appellant concedes that he received an "annual base salary" in excess of $455 per week throughout the relevant period, earned over $100,000 annually, and no improper deductions were made, appellant falls within the C.F.R. § 601 exemption.

However, appellant argues that the C.F.R. § 601 exemption is not applicable because of C.F.R. § 541.604, which governs circumstances where an "exempt employee's earnings [are] computed on an hourly, daily or a shift basis" and there is a "[m]inimum guarantee plus extras." Regarding the "extras," C.F.R. § 541.604(a) states that "[a]n employer may provide [such] an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." This provision allows additional compensation to be computed and paid in a straight-time hourly amount. Id. ("Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time-and-one-half or any other basis). . . .").

Appellant argues that the provisions of C.F.R. § 541.604(b) prevent the exemption from applying to him. That Section states:
> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment

> arrangement also includes [the specified guarantee] . . . and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.

29 C.F.R. § 541.604(b).

Appellant's argument is based on Subsection 604(b)'s condition that "a reasonable relationship exist[] between the guaranteed amount and the amount actually earned" and "the weekly guarantee is roughly equivalent to the employee's usual earnings." Id. Focusing exclusively on that language, he argues that his total earnings so substantially exceeded his guaranteed salary -- slightly less than 2 to 1 -- that the relationship between the guaranteed salary and his total earnings was unreasonable.

We perceive no cogent reason why the requirements of C.F.R. § 541.604 must be met by an employee meeting the requirements of C.F.R. § 541.601. Indeed, C.F.R. § 541.601 is rendered essentially meaningless if a "highly compensated employee" must also qualify for the exemption under C.F.R. § 541.604 or, to state the converse, would lose the "highly compensated employee" exemption by failing to qualify under C.F.R. § 541.604. To be sure, C.F.R. § 541.604 deals with employees who earn the "[m]inimum [g]uarantee plus extras," but every employee with a guaranteed weekly amount exceeding $455 who earns over $100,000, and is therefore purportedly exempted by C.F.R. § 541.601, also

fits the description of having a "minimum guarantee plus extras." Appellant's interpretation thus renders C.F.R. § 541.601 superfluous. The reading that gives full meaning to both C.F.R. § 541.601 and C.F.R. § 541.604 is that each deals with different groups of employees who receive a "minimum guarantee plus extras." The first exemption deals with those employees who earn over $100,000 annually while the second exemption deals with employees whose guarantee with extras totals less than $100,000 annually.[3]

---

[3] In any future case with facts similar to the present one but for the employee's failure to earn over $100,000 (thus rendering C.F.R. § 541.604 applicable), it would be helpful to have the following issues briefed.

First, C.F.R. § 541.604(a) states that it applies where the "employee's earnings are computed on an hourly, daily or shift basis" with a guarantee, while C.F.R. § 541.604(b) requires that a requisite reasonable relationship exist between the guarantee and the employee's "usual earnings at the assigned hourly, daily or shift rate" for the "normal scheduled workweek." An open question is whether this provision requires that the reasonable relationship be between the guaranteed "hourly, daily, or shift" amount reduced to an hourly, daily, or shift rate of pay and the hourly, daily, or shift rate by which pay for extra work is calculated, rather than between the total of guaranteed earnings and total earnings. Relevant to this issue are the Section's two examples: The first example is a worker who is guaranteed $500 per week for any week in which some work is performed and who usually works four or five shifts at $150 per shift. 29 C.F.R. § 541.604(b). Such a worker is exempt from the overtime requirement because the rates of pay are reasonably related. The second example is a store manager who is guaranteed $650 per week and receives in addition a percentage of sales revenue or store profits. Id. Such an employee is not exempt because the additional compensation is not computed on an hourly, daily or shift basis. Id.

Second, the parties should consider briefing the effect, if any, of the words "normal scheduled workweek" in a case where the amount of hours worked varies each week according to the employee's voluntary decision to work extra hours.

8

Appellant's sole argument regarding C.F.R. § 541.601 is that it is intended only to provide a relaxed standard as to determining the duties requirements for employees who earn over $100,000. However, that reading is unsustainable. First, the regulation is found in the "Salary Requirements" Subpart rather than in the "duties requirements" Subparts, and there is direct evidence that this placement was not the result of administrative inadvertence. The "Introductory statement" in C.F.R. § 541.0, quoted in the margin,[4] explicitly states that the "exemption[s]" defined in Part 541 are "from the Act's minimum wage and overtime

---

[4] That provision states in relevant part:

> Introductory statement
> (a) Section 13(a)(1) of the Fair Labor Standards Act, as amended, provides an exemption from the Act's minimum wage and overttime requirements for any employee employed in a bona fide executive, administrative, or professional capacity . . . . .
>
> (b) The requirements for these exemptions are contained in this part as follows: executive employees, subpart B; administrative employees, subpart C; professional employees, subpart D; computer employees, subpart E; outside sales employees, subpart F. Subpart G contains regulations regarding salary requirements applicable to most of the exemptions, including salary levels and the salary basis test. Subpart G also contains a provision for exempting certain highly compensated employees. Subpart H contains definitions and other miscellaneous provisions applicable to all or several of the exemptions.

29 C.F.R. § 541.0.

requirements" and that Subpart G's definition of salary requirements includes an "exempt[ion] [for] certain highly compensated employees." Second, to guild the lily, the language of C.F.R. § 541.601(a) plainly states that it is providing an overall exemption from the time-and-a-half requirement to employees who meet the relaxed duties requirement based on an annual salary of over $100,000. Therefore, the very structure and express language of C.F.R. § 541.601 indicate that its purpose was to relax the duties requirement in order to exempt employees from the time-and-a-half requirement because they earn over $100,000 annually.

## CONCLUSION

For the reasons stated above, the exemption from the time-and-a-half requirement applies to appellant, and the judgment of the district court is affirmed.